**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:<br><br>SECONDARY TICKET MARKET REFUND LITIGATION | MDL No. 2951 |

# RESPONSE TO MOTION FOR TRANSFER OF ACTION

Plaintiff Jason Alcaraz respectfully submits this response to the Motion for Transfer of Action filed by Matthew McMillan, Dustin Snyder, Lindsey Anderson, Timothy Nellis, Janel Dranes and Lucy Suza ("McMillan et al.").

## I. THE PANEL SHOULD DENY MCMILLAN'S REQUEST TO CONSOLIDATE AND TRANSFER THE STUBHUB ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS

Plaintiff Alcaraz opposes the motion to transfer his case against StubHub from the Northern District of California to the Northern District of Illinois and to consolidate his case with the five other actions pending against other secondary ticket retailers. McMillan et al. seek to consolidate and transfer six actions against three different secondary ticket retailers (StubHub, Vivid Seats, and SeatGeek) to the Northern District of Illinois even though the actions involve five different defendants and significantly different claims. 28 U.S.C. § 1407 provides that the Panel may transfer actions that involve "one or more common questions of fact" where transfer "will be for the convenience of parties and witnesses" and "will promote the just and efficient conduct of such actions." Consolidation and transfer of the StubHub actions will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of those actions.

Here, the six actions against the secondary ticket retailers will involve many different questions of fact, including the terms of the companies' customer contracts and refund policies and their varying responses to the COVID-19 pandemic. StubHub, Vivid Seats and SeatGeek are separate companies with separate customer contracts and policies and have had different

responses to the pandemic. Defendants also have separate counsel. The fact that all three are secondary ticket retailers does not create any efficiencies. A deposition of a StubHub witness will not eliminate the need for a deposition of a SeatGeek witness. In fact, litigating the claims against all three companies in one consolidated action will actually create significant inefficiencies as the Court and the parties will have to constantly be concerned with sorting out which issues overlap and which do not. It will also multiply the parties and counsel involved in a manner that will not help streamline the cases. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F.Supp.2d 1350, 1351 (J.P.M.L. 2012) (denying motion to centralize all actions involving fentanyl patches irrespective of manufacturer); *In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F.Supp.2d 1377, 1378 (J.P.M.L. 2012) (denying centralization of 13 product liability actions involving different plumbing products, stating that "we are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products").

The Panel has recognized its "usual reluctance to centralize actions against different defendants in one MDL," because "a multi-defendant MDL may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as the need for additional bellwether trials." *In re CP4 Fuel Pump Mktg., Sales Pract., and Prods. Liab. Litig.*, 412 F.Supp.3d 1365, 1367 (J.P.M.L. 2019) (denying motion to centralize ten single-defendant cases). The fact that StubHub, Vivid Seats and SeatGeek are competitors also militates against centralization in one case. As the Panel has previously recognized, "centralizing competing defendants in the same MDL likely would complicate case management due to the need to protect trade secrets and confidential information." *Id.*

Moreover, consolidation and transfer of the StubHub actions will not serve the convenience of the parties and witnesses. It makes no sense to transfer the cases against StubHub to the Northern District of Illinois. First, StubHub is based in San Francisco, California, so much of the evidence and many of the witnesses are likely in San Francisco, not Chicago. Likewise, none of the cases against StubHub are filed in the Northern District of Illinois. The *Alcaraz* and *Kopfman* cases have already been filed in the Northern District of

California and the plaintiffs in those cases are represented by counsel based in the Northern District of California. The *McMillan* and *Reynolds* cases are pending in the Western District of Wisconsin and Southern District of New York respectively. It makes far more sense for those two actions to be transferred to the Northern District of California – where the *Alcaraz* and *Kopfman* cases are already pending – by agreement or under 28 U.S.C. § 1404. The Panel should deny the request to transfer the StubHub cases to the Northern District of Illinois where none of the cases are pending and none of the plaintiffs or their counsel reside.

## II. CONCLUSION

For the reasons set forth above, Plaintiff Jason Alcaraz respectfully requests that the Panel deny the request of McMillan et al. to consolidate and transfer the actions against StubHub to the Northern District of Illinois.

Dated: June 22, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher
Yeremey Krivoshey
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700
E-Mail: ltfisher@bursor.com
ykrivoshey@bursor.com

*Attorneys for Plaintiff Alcaraz*

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of:

**RESPONSE TO MOTION FOR TRANSFER OF ACTION**

Was served by ECF/E-Mail on June 22, 2020 to the following:

**Parties in *Alcaraz v. StubHub, Inc.*, 4:20-cv-02595-HSG (N.D. Cal.):**

**VIA CM/ECF:**
*Counsel for Defendant StubHub, Inc.*
William P. Donovan, Jr.
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730
Email: wdonovan@mwe.com

**Parties in *Kopfmann v. StubHub, Inc.*, 4:20-cv-03025-HSG (N.D. Cal.):**

**VIA CM/ECF:**
*Counsel for Plaintiff Michelle Kopfmann*
Michael L. Schrag
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
Email: mls@classlawgroup.com

**Parties in *McMillan v. StubHub, Inc. and Last Minute Transactions, Inc.*, 3:20-cv-00319 (W.D. Wisc.):**

**VIA CM/ECF:**
*Counsel for Plaintiff Matthew McMillan*
Steven D. Liddle
Nicholas A. Coulson
**LIDDLE & DUBIN, P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile: (313) 392-0025
Email: sliddle@ldclassaction.com
ncoulson@ldclassaction.com

**Parties in *Nellis, et al. v. Vivid Seats LLC, et al.*, 1:20-cv-02486 (N.D. Ill.):**

**VIA CM/ECF:**
*Counsel for Plaintiffs Timothy Nellis, Janel Dranes, and Lucy Suza*
Steven D. Liddle
Nicholas A. Coulson
**LIDDLE & DUBIN, P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile: (313) 392-0025
Email: sliddle@ldclassaction.com
ncoulson@ldclassaction.com

**VIA EMAIL:**
*Counsel for Defendants Vivid Seats, LLC and Vivid Seats, Ltd.*
Robert C. Collins III
Dylan P. Glenn
Mark S. Mester
**LATHAM & WATKINS, LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: robert.collins@lw.com
dylan.glenn@lw.com
mark.mester@lw.com

**Parties in *Trader, et al. v. Seatgeek, Inc., et al.*., 1:20-cv-03248 (S.D. NY):**

**VIA CM/ECF:**
*Counsel for Plaintiffs Dustin Snyder and Lindsey Anderson*
Steven D. Liddle
Nicholas A. Coulson
**LIDDLE & DUBIN, P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile: (313) 392-0025
Email: sliddle@ldclassaction.com
ncoulson@ldclassaction.com

**VIA EMAIL:**
*Counsel for Defendant Seatgeek, inc.*
Celia Goldwag Barenholtz
**COOLEY LLP**

55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6330
Facsimile: (212) 479-6275
Email: cbarenholtz@cooley.com

**Parties in *Reynolds v. StubHub, Inc. and Last Minute Transactions, Inc.*, 1:20-cv-03508 (S.D. NY):**

**VIA CM/ECF:**
*Counsel for Plaintiff Diane Reynolds*
Louis Johnson, Jr.
**THE LAW OFFICE OF LOUIS J. JOHNSON, JR.**
500 Paterson Plank Road
Union City, NJ 07087
Telephone: (201) 552-6858
Facsimile: (201-552-6857
Email: ljohnson@louisjohnsonlaw.com

**VIA CM/ECF:**
*Counsel for Plaintiff Diane Reynolds*
Omer W. Khwaja
150 Hopkins Ave #1
Jersey City, NJ 07306
Telephone: (917) 574-3081
Email: okhwaja@gmail.com

Date: June 22, 2020

Respectfully Submitted

**BURSOR & FISHER, P.A.**

By: *_____/s/ L. Timothy Fisher_______*

L. Timothy Fisher
ltfisher@bursor.com